JAMES F. BEAUCHAMP, Appellant, v. JAMES W. HIGGINS, Respondent.

Kansas City Court of Appeals, February 8, 1886.

1. PRACTICE—INSTRUCTIONS—HOW FRAMED.—Instructions should be predicated of all the issues raised by the pleadings and supported by the evidence. An instruction, which authorizes a verdict for either party, based on a partial view of the issues and proofs, is misleading, and ought to be rejected, unless it be consistent with other declarations properly submitting the other issues, and that, too, only where the whole series together announce correct principles of law, and leave no rational ground for apprehending that the first may have been misunderstood by the jury.

2. CONTRACT—BROKER'S COMMISSION—CASE ADJUDGED.—Where property is placed in the hands of a real estate agent, for sale, he is entitled to his commission if he brings about the sale by his advertisement or exertion ; or if he introduces the purchaser, or gives his name whereby the sale is effected, although the sale be perfected by the principal, and even though the owner vary the terms from the first negotiation. But an agent cannot demand his commission on a sale not accomplished by him within the time limited by his contract, and especially where the sale was brought about (as in this case) after the expiration of the time limited, through the interposition of a third party, and with new incidents.

3. PRACTICE—INSTRUCTIONS—HOW OBJECTIONABLE.—Instructions suggesting an imputation of bad faith in the conduct of a party, should be avoided, unless warranted by the proofs.

APPEAL from Caldwell Circuit Court, HON. JAMES M. DAVIS, Judge.

*Affirmed.*

Statement of case by the court.

This is an action to recover commission by a real estate broker. The evidence tended to show, on the part of plaintiff, that the defendant was part owner of a mill at Breckenridge, Missouri, where both parties reside ; and that defendant placed the same in plaintiff's hands to sell for him on a commission. The plaintiff made

diligent effort to effect the sale, by soliciting various parties to purchase. He entered into negotiations with several parties, but, from some cause or other, they failed. Finally plaintiff applied to one Brown, who came and examined the property, but went away without trading. After this, through one Morehouse, sent by defendant, a sale was accomplished with said Brown. Defendant's evidence tended to show that he had placed the property in plaintiff's hands for sale, but for a limited time. That plaintiff failed to effect such sale within the time so limited, even after it had been extended for one week. That said Morehouse was the owner of the other interest in said mill, and that he suggested to plaintiff, while he was trying to find a purchaser for defendant's interest, that Brown would be acceptable to him. That after plaintiff had failed to make a sale to Brown and Brown had returned to his home in Kingston, Mo., he went to see him, and by taking one-third of defendant's interest in the mill, he induced Brown to take the other two-thirds. Brown then went to see defendant, and completed the purchase on those terms.

The plaintiff introduced evidence tending to show that there was no such limitation as to the time within which he was to effect the sale, as contended by defendant.

The jury found the issues for the defendant, and the plaintiff has appealed.

O. J. CHAPMAN, for the appellant.

I. If the agent is the procuring cause of the negotiations which result in a sale, he is entitled to his compensation. *Timberman v. Craddock*, 70 Mo. 638.

II. It makes no difference if there is a limit to the time that the agent is to make the sale, if within the time, or while the property is still in his hands, by consent of the owner, even after the time expires for the sale by the agent, the owner sells to the party introduced or whose name is disclosed, then the agent is entitled to his commission. *Tyler v. Parr*, 52 Mo. 209 ;

*Bell v. Kaiser,* 50 Mo. 150; *Lincoln v. McClatchie,* 36 Conn. 136.

III.    The instructions given for defendant were calculated to mislead the jury, and no evidence to support them.    The court also erred in rejecting pertinent and material evidence.

BRADEN, BROADUS & WAIT, for the respondent.

I.    The instructions given for defendant were justified by and based upon the evidence.    Certainly a man can be limited as to time in the performance of a contract.    And certainly there was evidence that plaintiff was working for the Investment Company and not for the defendant in making the sale.

II.    There is nothing in the record to show that the court rejected any competent evidence.    The evidence, if competent, is not specifically averred and affords no ground for reversal.    *Jackson v. Bowles,* 67 Mo. 609 ; *Pearce v. McIntyre,* 29 Mo. 423.

III.    When the verdict is right, the fact that the court gave erroneous instructions will not authorize the granting of a second new trial.    *Wright v. Adams,* 76 Mo. 605.

PHILIPS, P. J.—I.    The only error relied upon for a reversal of this judgment, worthy of consideration, is the action of the court in refusing and giving instructions.    The court refused the following instruction asked by plaintiff :

"2.    If the jury believe from the evidence that defendant, Higgins, withdrew the sale of his interest in the mill from Beauchamp's hands with the intention and purpose of avoiding the payment to said Beauchamp of a commission for his services in connection with the sale of said mill to Brown, and that they further believe that said Beauchamp was the procuring cause of negotiations between Higgins and Brown which led to the sale, then they will find for the plaintiff, notwithstanding that sale was completed after Higgins took the property out of Beauchamp's hands."

It is the well settled rule that instructions should be predicated of all the issues raised by the pleadings, and supported by the evidence. An instruction which authorizes a verdict for either party, based on a partial view of the issues and proofs, is misleading, and ought to be rejected, unless it be consistent with other declarations properly submitting the other issues, and that, too, only where the whole series taken together announce correct principles of law and leave no rational ground for apprehending that the first may have been misunderstood by the jury. This has been so repeatedly held that we need not recite the decisions.

This instruction leaves out of view the issue and the evidence tending to show that in the contract there was a limitation as to the time within which the plaintiff was to effect the sale. It told the jury they could find for the plaintiff, notwithstanding the sale was completed after the defendant re-took the property, regardless of the fact whether he so took it by the terms of the contract.

It is true this declaration is coupled with the proposition that the plaintiff was the procuring cause of the negotiation which led to the consummation of the sale. This, however, presents the question whether the broker is to be paid his commission under a contract prescribing the time within which he is to sell, simply because during the time prescribed he opens negotiations which lead to a sale effected afterwards, through other instrumentalities, and, as in this case, on different terms. We are referred, in support of the affirmative of this proposition, to the following cases: *Bell v. Kaiser*, 50 Mo. 150; *Tyler v. Paul*, 52 Mo. 249; *Lincoln v. McClatchie*, 36 Conn. 136. These cases only assert the well established principle, that where property is placed in the hands of a real estate agent for sale he is entitled to his commission, if he brings about the sale by his advertisement or exertion, or if he introduces the purchaser, or gives his name, whereby the sale is effected, although the sale be perfected by the principal, and even

though the owner vary the terms from the first negotiation. They do not touch the question under consideration. We find no authority for the proposition that the agent can demand his commission on a sale not accomplished by him within the time limited by his contract; and especially so where, as the evidence tended to show in this case, the sale was brought about after the expiration of the time limited, through the interposition of a third party, and with new incidents. I should be loath to follow such precedents, if found, as the courts ought not to make contracts for parties. Our duty is simply to interpret and enforce them as the parties have agreed upon.

This instruction is further objectionable in that it submits to the jury the issue as to whether defendant withdrew his property from plaintiff's agency with the intent and purpose of avoiding the payment of any commission. There was no proof to support such an instruction. Instructions suggesting an imputation of bad faith in the conduct of a party should be avoided, unless warranted by the proofs.

II. The following instruction, given on behalf of defendant, is complained of :

"3. The court instructs the jury that if at the time that plaintiff was attempting to make a sale of said mill to Brown, he was acting solely for the investment company, and not in the interest of defendant, and that all his acts were done as agent, or attorney, for said company, and not as the agent of defendant, then he cannot recover."

It is insisted there was no evidence to warrant this issue. In this, I think, the plaintiff is not sustained by the record. The defendant testified that Brown, to whom the sale was made, came to Breckenridge, and plaintiff tried to effect a sale to him, but without success. "He (plaintiff) was not working for me. I understood he was trying to make a sale of it (the property) for the company. I did not know he was working for me." The evidence showed that plaintiff, during the time in question, was the local soliciting agent of a money-lending concern in

Iowa known as the "Investment Company," and that plaintiff's plan of effecting the sale to Brown, was to procure a loan in his favor on the mill from said company. The testimony of the defendant, therefore, entitled him to have the judgment of the jury on this fact, however palpably he may have been contradicted by the testimony of the plaintiff.

III. Objections are made to other instructions. But as they involve only principles already determined adversely to plaintiff's contention, or are based on misconstruction of the evidence, it is not important to review them.

The issues of fact seem to have been fairly enough submitted to the jury, and however well satisfied we may be that the strength of the evidence was with the plaintiff, we cannot interfere with the province of the jury.

The other judges concurring, the judgment is affirmed.