### W. D. SPENCE v. WILMINGTON COTTON MILLS.

*Action for Breach of Contract—Void Contract of Corporation—*
*Renewal—Ratification.*

1. A contract of a corporation, void under section 683 of *The Code*, is incapable of ratification, notwithstanding the repeal of the statute.

2. In April, 1891, a corporation, by an agreement not in writing, employed plaintiff for twelve months at $1,200 per annum, and he continued in its employment without any further agreement until May, 1893, when he was paid off and discharged: *Held*, in an action for breach of contract, that as the contract was void when made (not being in writing) there could be no presumption of a renewal for another year and no ratification, although in February, 1893, section 683 of *The Code* was repealed.

3. In such a case the plaintiff could only recover on a *quantum meruit* for any services he might have rendered and for which he had not received pay.

ACTION for breach of contract, tried before his Honor *Brown, J.*, at January Term, 1894, of New Hanover Superior Court. At the conclusion of the evidence, his Honor intimated that the plaintiff could not recover. Thereupon he took a nonsuit and appealed. The facts are stated in the opinion of Associate Justice MacRae.

*Mr. J. D. Bellamy, Jr.*, for plaintiff (appellant).
*Mr. Iredell Meares*, for defendant.

MACRAE, J.: The plaintiff had full benefit, on cross-examination, of the testimony objected to and ruled out upon the direct examination. So it appears that plaintiff made a contract with defendant's Superintendent to begin on April 6, 1891, and agreed to work for the twelve months at $1,200 per annum; that he did work for defendant without further agreement until he was discharged on May 10, 1893, and

that nothing was said between the parties after February, 1893, as to a contract.

It is admitted that under section 683 of *The Code* the alleged contract of 1891 was invalid, because it was not in writing and accompanied by the other formalities in said statute required.    But this statute having been repealed on the 11th of February, 1893 (see chapter 84 of the Acts of Assembly of that year), the plaintiff contends that this was evidence to go to the jury to enable them to determine whether there was such contract between the parties to run for twelve months from April 6, 1893.  ·Upon the principle that where the parties have entered into a contract of service for a certain period, as, for instance, twelve months, and after the expiration of that period the service continues for another twelve months upon the same terms, the contract will be presumed to have been renewed if the service continue longer without a new agreement.

We have seen, however, that this alleged contract was void under the statute, and, if void, it was incapable of ratification as a simply voidable one, like the contract of an infant would have been.    A new agreement after the repeal of the statute would have been an independent contract to pay for services already performed, if anything were due therefor, and for future employment there was no further bar of the statute to its operation.    It could not operate to ratify an attempted contract executory in its nature.   " The act to be ratified must be voidable merely, and not absolutely void.    A principal cannot ratify an act which he could not have authorized in the first instance."    1 Am. and Eng. Enc. of Law, p. 430, note 1, where many authorities are cited.

We think that under *The Code* system the complaint in this action not being in writing, but noted on the docket of the Justice of the Peace, was broad enough to enable the plaintiff to recover on a *quantum meruit* for work and labor done, if anything were due therefor. *Stokes* v. *Taylor*, 104 N. C.,

394. But in this case the plaintiff was notified on April 22, 1893, to close the dye-house, that in which his services were rendered for sometime, and he would be notified when defendant wanted him again. His services were not required again, and he was paid up to the 10th of May and discharged. There was no work done by him for which he has not been paid, and no special contract for the breach of which he can recover damages.      No Error.