## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

ARENTS V. CASSELMAN & CO.

January 13, 1910.

Absent, Buchanan, J.

1. CONTRACTS—*Renewal—Question for Jury—Ratification of Agent's Acts.*—If a contract of employment between A and a firm has been revoked by the withdrawal of one of the members of the firm, and the remaining members of the firm continue to conduct the business as a new firm, and A, through his agent, repeatedly urges the new firm to carry out the contract, and they undertake to do so, in an action by the new firm against A to recover the consideration of the contract; the question should be submitted to the jury whether or not there had been a renewal or continuation of the original contract.

2. INSTRUCTIONS—*Different Phases of Case—Evidence to Support Each.* Where the pleadings present several views of a case, and there is evidence tending to establish each sufficient to support the verdict of a jury, it is proper to instruct the jury on each view.

3. INSTRUCTIONS—*Invited Error.*—If proper instructions have been given at the instance of a plaintiff upon the several phases of his case as presented by the pleadings and proofs, and thereafter an instruction, inconsistent with the plaintiff's instructions, is given at the instance of the defendant, the latter cannot complain thereof, as the error was invited by him.

Error to a judgment of the Circuit Court of Henrico county in an action of *assumpsit*. Judgment for the plaintiffs. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Henry R. Miller* and *R. M. Jeffress,* for the plaintiff in error.

*Isaac Diggs* and *L. O. Wendenburg,* for the defendants in error.

HARRISON, J., delivered the opinion of the court.

This action of *assumpsit* was brought by the plaintiffs, Casselman & Company, to recover of the defendant, George Arents, commissions alleged to be due them upon a sale claimed to have been made by them, or through their instrumentality, of a farm belonging to the defendant. To a verdict and judgment for $900 in favor of the plaintiffs this writ of error was obtained by the defendant.

The record shows that on July 14, 1904, the real estate firm of Casselman & Co., composed of J. R. Hockaday and Laurence Casselman, were authorized in writing by Thomas F. Jeffress, agent for the defendant, to sell a farm in Henrico county, known as Bloomingdale, containing 280 acres, for $50,000. This contract provided that, if the sale was made by Hockaday, Casselman & Co., or through their instrumentality, they should have three *per cent.* commissions on the gross sale to be paid out of the cash payment. In December, 1904, J. R. Hockaday retired from the firm of Casselman & Co., and Casselman continued the business under the firm name of Casselman & Co. until May, 1906, when George C. Wiles was admitted as a partner of Casselman, and the business continued under the firm name of Casselman & Co.

On the 14th of May, 1907, Thomas F. Jeffress, as agent for the defendant, entered into a written contract of sale of Bloomingdale to W. R. Smith, executor, for the sum of $30,000, of which $5,000 was paid in cash.

The defendant assigns as error the action of the circuit

court in admitting as evidence, for any purpose, the contract of July 14, 1904, by which Hockaday, Casselman & Co. were authorized to sell Bloomingdale, and in refusing to exclude it when the plaintiffs failed to prove a renewal of that contract with the defendant; and in submitting to the jury, for its determination, the question whether the facts shown in evidence constituted a renewal of that contract as between the plaintiffs and the defendant, after it was terminated by the withdrawal of J. R. Hockaday from the firm of Casselman & Co.; it being insisted that the facts in reference to the matter were clear and uncontroverted, and the question, therefore, one for the court to decide.

The record shows that the contract of July 14, 1904, was only introduced for the purpose of showing its terms, with the announcement by the court that it was revoked by the withdrawal of J. R. Hockaday from the firm, and that it would be excluded unless it was shown to have been thereafter renewed with Casselman & Co.

It is clear that the contract in question was not renewed in writing with Casselman & Co. after the withdrawal of J. R. Hockaday from the firm, but the acts of the parties tend strongly to show that the understanding between them was that the plaintiffs, in their subsequent efforts to sell the farm, were proceeding to carry out the contract made with the firm before the withdrawal of J. R. Hockaday. Without the slightest suggestion from the defendant that the contract was not in force, he was, through his agent, repeatedly urging the plaintiffs to activity in the matter of finding a purchaser for the Bloomingdale farm, and until the sale was consummated the farm was advertised in the literature sent out by the plaintiffs as real estate agents.

The evidence was clearly such as to make it proper for the court to submit to the jury the question, whether or not there had been a renewal or continuation of the original contract. *Ice* v.

*Maxwell,* 61 W. Va. 9, 55 S. E. 899. The question is anala-
gous to the ratification of an agent's act by the subsequent con-
duct of the defendant, which this court has held to be properly
submitted to the jury. *Horton* v. *Townes,* 6 Leigh 47, 57-60.

It is further assigned as error that instructions Nos. 1, 2
and 3, asked for by the plaintiffs, misdirected the jury and were
in conflict with instruction No. 9, given at the instance of the
defendant.

The declaration of the plaintiffs presents their case in the
three following aspects:

First: That Casselman & Co. were successors in business
to Hockaday, Casselman & Co.; that as such successors in busi-
ness the written contract of July 14, 1904, came into their hands;
that it was continued and ratified by the defendant, and the
property allowed to remain for sale in the hands of the new firm
upon the terms of that contract; and that the contract contained
a clause that if the property was sold through the instrumen-
tality of the agents then they should be entitled to their commis-
sions.

Second: That the defendant verbally authorized the plain-
tiffs to sell Bloomingdale, and that although the contract with
Hockaday, Casselman & Co. was not revived and continued in
their hands, yet if they sold the property they were entitled to
reasonable compensation for making the sale.

Third: That the plaintiffs brought the purchaser from West
Virginia and made the sale to him; that before the sale was con-
cluded they had notified the defendant that the intended pur-
chaser was their customer, and the defendant accepted the ser-
vices of the plaintiffs in making the sale, and was, therefore,
liable to the firm upon a *quantum meruit.*

There was evidence tending to establish each of these three
phases of the plaintiffs' case, and the jury might have found for
the plaintiffs upon either view, namely: that the contract of July
14, 1904, had been renewed and continued in the hands of the

plaintiffs, or that the defendant had verbally authorized the plaintiffs to sell, or that the defendant had accepted the services of the plaintiffs in making the sale, and was, therefore, liable upon a *quantum meruit. Ice* v. *Maxwell, supra.*

Instructions 1, 2 and 3 given for the plaintiffs are free from reasonable objection. They state the law applicable to each view of the plaintiffs' case, and, in their order, properly submit each phase thereof to the jury.

The defendant contended that the contract of July, 1904, was not revived, and that the plaintiffs were not the efficient means of bringing about the sale. This opposing view of the defendant the court undertook to submit to the jury by instruction No. 9, and there is no such conflict between this instruction and those given for the plaintiffs as would mislead the jury. Moreover, if giving instruction No. 9, upon the invitation of the defendant, produced any conflict with the correct instructions given for the plaintiffs, it was erroneous, and the defendant cannot complain of error that he has invited. *Traction Co.* v. *Hildebrand,* 98 Va. 22, 34 S. E. 888.

The failure of the court to set aside the verdict as contrary to the law and the evidence is assigned as error.

The defendant is before this court as a demurrant to the evidence. The case was properly submitted to the jury and they gave credit to the witnesses for the plaintiffs rather than to those of the defendant. Taking this view, the evidence was ample to support the verdict, and upon well settled principles it cannot be disturbed.

The judgment must, therefore, be affirmed.

*Affirmed.*