## �export𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

### Shea Realty Corporation v. Page and Taylor.

#### November 17, 1910.

##### Absent, Harrison, J.

1. Brokers—*Real Estate Agents—Commissions.*—If a real estate agent or broker was the procuring cause of a sale, he is entitled to the commission agreed on, or to recover for his services on a *quantum meruit;* and whether or not he was the procuring cause is a question for the jury.
2. Appeal and Error—*Verdicts—Conflicting Evidence.*—This court will not set aside a verdict approved by the trial court where the evidence was conflicting, and there was sufficient evidence, when viewed from the standpoint of a demurrer to the evidence, to support the verdict.

Error to a judgment of the Law and Chancery Court of the city of Norfolk, in a, proceeding by motion for a judgment for money. Judgment for the plaintiffs. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Lloyd Freeman* and *Willcox, Cooke & Willcox,* for the plaintiff in error.

*James G. Martin,* for the defendants in error.

Cardwell, J., delivered the opinion of the court.

This action, by motion under the statute, was brought by the plaintiffs, Page and Taylor, to recover of the defendant, Shea Realty Corporation, $2,800, commissions alleged to be

due the plaintiffs upon a sale claimed to have been made by them, or through their instrumentality, of a parcel of land belonging to the defendant, situated in or near the city of Norfolk, to the Kanona Company, Incorporated.

To a verdict and judgment for $1,400 in favor of the plaintiffs, the defendant obtained this writ of error.

The defendant made the defense, *first*, that plaintiffs rendered no service for the defendant which entitled them to any part of the commissions sued for; *second*, that plaintiffs did not negotiate the sale for which they were claiming commissions; *third*, that plaintiffs were not instrumental in finding a purchaser for the property sold; and, *fourth*, that plaintiffs did not find the purchaser, were not instrumental in bringing the purchaser and the defendant into communication, and did not render any service for which they are entitled to recover from the defendant any sum of money whatever.

In the petition for this writ of error, the defendant relied earnestly upon the defense that the plaintiffs were never employed to sell the property in question, but this contention is fully met and refuted by the introduction in evidence at the trial of a resolution adopted by the directors of the defendant corporation, made part of the records of the corporation, some time before the commencement of the negotiations which resulted in the sale to the Kanona Company, Inc., over which this controversy arose, to-wit: "It is ordered that Page & Taylor be allowed the exclusive right, as real estate agents, to put signs on this property, offering it for sale."

Upon all the issues raised by the pleadings in the case there was, as is usual in like cases, a conflict of evidence, but there is no controversy over the instructions submitting the issues involved to the jury. The only instructions given were asked by the defendant, and were as follows:

"The court instructs the jury that the fact that the directors of the defendant company requested the plaintiff, at a

meeting held July 27, 1908, to waive any claim for commissions, is not to be considered as an admission of the validity of such claim, unless made after the directors had knowledge of all the circumstances attending the sale.

"The court instructs the jury that the plaintiffs are not entitled to recover in this action, unless they show by a preponderance of the evidence that they either consummated the sale referred to in the evidence, or were the procuring cause of said sale, that is, found the purchaser or introduced him to the defendant, or brought about the sale through their exertions.

"If the jury should believe that the attention of the purchaser was first called to said property by some person other than the plaintiffs, or their agents, and that the sale was subsequently consummated by the defendant without the aid or intervention of the plaintiffs, they must find for the defendant.

"The court instructs the jury that the plaintiffs in this action are not entitled to recover of the defendant for any services which Mr. A. P. Page may have rendered as secretary of the defendant company."

The contention made by counsel for the defendant in their reply brief, that the plaintiffs cannot recover in this action for the reason that it was not shown at the trial that their contract with the defendant gave them "the exclusive right of sale," is not, in our opinion, either upon reason or authority, sustained. The defendant corporation was a land company, engaged in the buying and selling of real estate for a profit, owning the property in question and other property, which it desired to sell, while the plaintiffs were licensed real estate agents or brokers, whose business was the selling of real estate for a commission on the purchase money realized by the owners of the property they sold; and in this and like cases, as the authorities practically agree, if the real estate agent or broker is the procuring cause of the sale, he is entitled to the

commission agreed on, or to recover for his services on a *quantum meruit;* and whether or not the agent or broker was the procuring cause of the sale is a question for the jury. *Arents* v. *Casselman*, 110 Va. 509, 66 S. E. 820, 23 Am. & Eng. Enc. L. (2nd ed.), 911, and authorities there cited.

· As·the evidence is to be considered here as upon a demurrer by the defendant thereto, we deem it only necessary to say, that there was evidence amply sufficient to sustain the verdict of the jury, giving credit to the witnesses for the plaintiffs rather than to those of the defendant, which verdict the learned judge of the trial court approved and entered judgment thereon; and, therefore, upon well settled principles, the judgment has to be affirmed. *Arents* v. *Casselman*, *supra.*

*Affirmed.*