D. W. DAVIS v. L. W. LAWRENCE & CO.

1. REAL-ESTATE AGENT—*Commission, When Earned.* Real-estate agents, authorized to sell the land of another at a stated price and for a certain compensation, have earned their commission when they produce a purchaser able, ready and willing to purchase the land upon the terms and conditions agreed upon.

2. COMMISSION—*Recovery, When not Defeated.* The recovery of the commission in such case cannot be defeated because the owner then refuses to convey, or where, through his fault or negligence, the transfer of the land cannot be completed.

3. PLEADING—*Proof—Variance.* In the original contract, which was set out in the petition, a part of the consideration for the land was to be paid in cash. Upon the trial, it was shown that the owner subsequently agreed to accept as cash a secured note offered by the proposed purchaser, but this subsequent arrangement was not mentioned in the petition. *Held,* That the admission of this proof did not constitute such a departure from the allegations of the petition as to require a reversal.

*Error from Shawnee District Court.*

ACTION by *L. W. Lawrence & Co.* against *D. W. Davis,* to recover commission for the sale of certain real estate. Judgment for plaintiffs, May 15, 1889. Defendant comes to this court. The facts appear in the opinion.

*N. B. Arnold,* and *E. E. Chesney,* for plaintiff in error:

In a contract between a real-estate agent and his principal, there must be mutuality. Where the contract is unilateral, without imposing any obligation upon the agent, he must show a sale in pursuance of such authority before he can recover his commission. *Stensgaard v. Smith,* 43 Minn. 11; *Bradford v. Menard,* 35 id. 197; *Andreas v. Holcomb,* 22 id. 339.

The district court, as well as opposing counsel, has all along in this case failed to make the distinction between the agent's rights under a general employment and his rights under the one-sided instrument they call a contract. Under a general

employment, the agent's right is complete when he has found a purchaser able and willing to purchase and conclude a bargain on the agreed terms. They overlook the fact that in this case the agents have made their compensation dependent upon the contingency of a sale—a contingency which they cannot control, for the reason their principal never so agreed. *Hinds v. Henry*, 36 N. J. L. 328. See, also, *Jacobs v. Kolff*, 2 Hilt. 133; *Gilchrist v. Clark*, 86 Tenn. 583; *Bradford v. Menard*, 35 Minn. 197.

The plaintiff must recover, if he recovers, on his cause of action as disclosed in his petition. In this action, the plaintiffs below alleged that they sold according to the written instrument, on the very terms therein stated; but they proved that they sold on other terms, and further proved that they did n't sell at all. The court erred. The allegations and proof must correspond. *Brookover v. Esterly*, 12 Kas. 152; *Burke v. Long*, 68 Cal. 32.

Under an allegation of the performance of a condition precedent, evidence of the excuse of a nonperformance is inadmissible. *Oakly v. Morton*, 2 Kern. 33; *Garvey v. Fowler*, 4 Sandf. 665.

*Quinton & Quinton*, for defendants in error:

Under the contract, the plaintiffs had performed their services, by procuring a purchaser for the property upon the terms and the conditions laid down by the owner, and if the title was not good, as warranted by the owner, it certainly could not be the fault of the agents. *Fultz v. Wimer*, 34 Kas. 581; *Ratts v. Shepherd*, 37 id. 23; *Lockwood v. Halsey*, 41 id. 169.

We think the decisions above referred to are decisive of this case.

The position of counsel for plaintiff in error is, that the agents are not entitled to their commission, for the reason that the owner could not make a good title to the property. We do not think the rule of law will sustain that position.

*Fultz v. Wimer,* 34 Kas. 581; *Ratts v. Shepherd,* 37 id. 22; *Knowles v. Sell,* 41 id. 171.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action by L. W. Lawrence & Co., who were real-estate agents, to recover from D. W. Davis the commission for a sale of his property. The contract between the parties was as follows:

"You are hereby authorized to sell my property, to wit, lot ninety-seven (97) on Kansas avenue street, for ten thousand dollars ($10,000), terms of payment as follows: Seven thousand four hundred dollars ($7,400) cash; balance on the following payments: Assume mortgage of twenty-six hundred dollars ($2,600). Description of improvements: Two small houses. Commission, 5 per cent. on first four thousand dollars ($4,000), and 2½ per cent. on balance of ten thousand dollars ($10,000), making in all three hundred and fifty dollars ($350). Title, good; can give possession upon sale. I declare upon honor that the foregoing is a fair, truthful and not exaggerated statement of facts in relation to said property. If you make a sale or furnish me a customer to whom I sell, I will pay you three hundred and fifty dollars ($350) commission; and I agree to report any change in price, or any sale I make, and not to sell or offer to sell at less than as above stated, period of until sold, and to leave it on your books until I call and take this up."

Pursuant to this agreement, the property was placed upon the books of the agents, and advertised for sale; and soon thereafter they found a purchaser who was willing to take the property at the price named, providing the title was good, as represented, and that Davis would accept a certain promissory note, secured by mortgage, the same as cash. According to the testimony, Davis agreed to accept the secured note as cash. It appears that the proposed purchaser was able, willing and ready to purchase the property at these terms; but he discovered that the title was defective, and, after an unsuccessful effort to clear it up, he declined to take the property. The agents then demanded their commission for procuring a

customer, but Davis refused payment; whereupon the present action was brought.

The trial resulted in a judgment in favor of the agents for the amount of their commission. There appears to be sufficient testimony to sustain the judgment. The agents had undoubted authority to sell the property, and when they produced a purchaser able, ready and willing to purchase the land upon the terms and conditions prescribed by the land-owner, they had earned their commission. The recovery of such commission cannot be defeated because of the negligence or fault of the owner, or because the owner subsequently changed his mind about making a sale and conveyance of the property. (*Fultz v. Wimer,* 34 Kas. 576; *Ratts v. Shepherd,* 37 id. 20; *Lockwood v. Halsey,* 41 id. 166; *Neiderlander v. Starr,* 50 id. 770.) The agents could not effect a completed sale or transfer of the property because the title remained in Davis, and a fair interpretation of the language of the agreement only required them to find a purchaser to whom a sale could be made upon the prescribed terms. When they had produced such a purchaser, they had performed their part, and were entitled to the agreed compensation. Although complaint was made, there was no substantial departure in the proof from the allegations of the petition. There was no modification of the contract alleged, except that a certain secured note was to be accepted by Davis as cash. There was no dispute about the agency, nor that Davis agreed to accept the note as cash, and the only substantial question was, whether the sale had failed through the fault of Davis. Although all the testimony is not here, enough is included in the record to show that the title was not good, and that the purchaser declined to take the property because the title was defective. It being the fault of Davis that the sale was not closed and completed, Lawrence & Co. were excused from taking any further steps, and, under the authorities cited, became entitled to their commission.

The instructions of the court complained of were in har-

mony with the views that we have expressed, and no special comment upon them is required.

An objection was made to the testimony with respect to the value of the services in an effort to obtain a title to the property, but as the amount recovered did not exceed the sum stipulated in the contract, the objection becomes immaterial.

We find no substantial error in the record, and therefore the judgment of the district court will be affirmed.

All the Justices concurring.