QUINBY, PLAINTIFF IN ERROR, v. TEDFORD, DEFENDANT
IN ERROR.

1. IMMATERIAL ERROR.
While the established rules should be adhered to in the examination of
    witnesses, a slight departure or trivial error is not ground for re-
    versal, particularly when the case is tried to the court.
2. PRACTICE.
The finding of the trial court, when supported by evidence, will not be
    disturbed.

*Error to the District Court of Arapahoe County.*

Mr. MILTON SMITH and Mr. W. T. ROGERS, for plaintiff
in error.

Messrs. BARTELS & BLOOD, for defendant in error.

REED, J., delivered the opinion of the court.

Suit was brought by plaintiff in error to recover commis-
sions alleged to have been earned in the sale of a property by
the defendant to one Rose. The commission claimed was
$600. The suit was originally brought in the county court,
a trial had to the judge, a jury being waived, resulting in a
judgment for the plaintiff for $200. An appeal was taken
to the district court, where the trial was also had to the judge
resulting in a judgment for the defendant, from which this
appeal is prosecuted.

Aside from the general assignment of error, that the court
erred in finding for the defendant, several special errors are
assigned upon questions asked and the rulings of the court
and the admission and rejection of evidence. These supposed
errors appear more technical than substantial, and of a char-
acter that could in no way materially affect the result or the
parties. While it is well, at all times, in the trial of a cause
to adhere in the examination of witnesses to well established

rules, a slight departure and trivial error is not ground for reversal, particularly when the case is tried to the court.

The other assignments are, in effect, that the court erred in its finding of facts.

The trial appears to have been quite lengthy; much contradictory and irreconcilable evidence was taken, from which the court, apparently, deduced the fact that, within the law as laid down by the supreme court and this court, the plaintiff failed to show that he had earned the fee for which he was prosecuting. It was not claimed that plaintiff made the sale. It was conceded that defendant himself made it, but it was claimed that plaintiff brought the parties together, and found a purchaser able and willing to buy, who did buy the property.

On the part of the defendant there was evidence tending to show that prior to the intervention of plaintiff defendant was negotiating a sale, or attempting to, to the purchaser, through his son who was also engaged in the business of a real estate broker.

It is evident that the court concluded that the sale did not result from the services of the plaintiff, and such finding has evidence in its support.

This class of cases has been so numerous, that they have become rather monotonous. The law has been so well defined and so often stated that a repetition is unnecessary. District courts can hardly err in its application.

The judgment of the district court will be affirmed.

*Affirmed.*