## WILLIAM LONGSTRETH v. CHARLES KORB.

Argued June 8, 1899—Decided November 13, 1899.

1. When an action is brought upon a lost writing, on the trial thereof the question whether the proof of loss, and diligent search for such lost writing, is sufficient to admit secondary evidence of the contents, is for the trial court to determine, and if the loss be proved, and if reasonable means have been taken for discovery, to the satisfaction of the court, then secondary evidence of the contents becomes admissible.

2. A letter written and mailed by the owner of real estate, to an agent, and received, is sufficient authority in writing to maintain recovery thereon for the commission for a sale or exchange effected by such agent, if the letter contains the authority to such agent to make the sale or exchange, and the rate of commission therein fixed pursuant to the tenth section of an act entitled "An act for the prevention of frauds and perjuries." *Gen. Stat., p.* 1602.

3. Where there is a dispute in the evidence relating to that subject, or from the evidence an inference or conclusion in either direction can be drawn, the question of whether any such letter was ever written, mailed and received, or, in other words, whether such authority to the agent was ever in existence, is one for the jury, so, too, is the question for the jury, where under all the evidence and circumstances different conclusions can be drawn, whether the agent was instrumental in making the sale and exchange.

On rule to show cause.

Before MAGIE, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and LIPPINCOTT.

For the plaintiff, *Howard Carrow.*

For the defendant, *Thomas E. French.*

The opinion of the court was delivered by

LIPPINCOTT, J. This was an action to recover two per cent. commission on the sum of $15,000, the consideration of an exchange of real estate which the plaintiff avers was negotiated and consummated by him for the defendant.

The declaration avers the agreement in writing and the loss of the same, that diligent search and inquiry for it had been made, and sets out its purport.

Upon demand being made by the defendant of a copy of the contract, the plaintiff furnished the following copy of a letter alleged to have been received by him:

*"Mr. William Longstreth:*

"DEAR SIR—Enclosed please find card with diagram of grounds around the Robbins mansion. I have been to see Wood, and have been unable to do anything with him, and do not care to have anything more to say to him.

"If you can possibly arrange a deal with him for the Robbins mansion and lot as per enclosed card, go ahead, and as I have said before, use every effort to get rid of the property, either for cash or by way of exchange for other property, and I will pay you your two per cent. commission for your services on the consideration I get, whether I get it in cash or property.

"Yours truly,<br>"CHARLES KORB."

The copy of the envelope furnished showed that it was post marked "Phila. Pa. Sep. 3, 11:30 A. M. Sta. P." (U. S. stamp), directed to Wm. Longstreth, Esq., Merchantville, N. J. The copy of the card enclosed was one with a diagram showing situation and dimensions of the property.

There is no dispute but that the property in question was exchanged for other property, and that the consideration of the exchange was the sum of $15,000. The verdict of the jury was for the two per cent. commission on this sum.

The defences were that the plaintiff was in nowise instrumental in the exchanging of the properties, and that there was no agreement in writing as required by the statute.

The statute (*Gen. Stat., p.* 1602, § 10) provides "that no broker or real estate agent selling or exchanging land for or on account of the owner, shall be entitled to any commission

for the sale or exchange of any real estate unless the authority for selling or exchanging such land is in writing signed by the owner or his authorized agent, and the rate of commission on the dollar shall have been stated in such authority."

It is conceded that if the defendant wrote this letter, mailed the same, and it was received by the plaintiff, that it constituted the authority in writing required by the statute, and if the exchange was negotiated by the plaintiff he would be entitled to recover the commission therein named.

Upon an examination of the evidence, it is clear that the question, which was one entirely of fact, whether the plaintiff negotiated the sale or exchange was properly submitted to the jury. The court could not, upon the evidence, direct a verdict for the defendant. Besides the evidence of the plaintiff and the evidence of the purchaser, other corroborating facts and circumstances exist from which the jury could very reasonably conclude that the plaintiff was the sole cause of he sale or exchange, and, under all the facts of the case, it was for the jury to determine whether the plaintiff had established, by a preponderance of the evidence, that he made the sale and exchange. The jury was told by the court that this must be established by a preponderance of proof, and the jury so found, and there appears no reason why this verdict should be disturbed on this ground.

The charge of the court to the jury is in no respect complained against.

The contention between the parties arises over the question whether any such written authority as claimed by the plaintiff was ever given by the defendant. The first claim in this respect is that the evidence of the loss of the letter and diligent inquiry in good faith to find it was insufficient to admit secondary evidence of its contents.

The rule to justify the admission of secondary evidence of the contents of a paper, on an allegation of the loss or destruction of the original, as a general rule, is that the party is expected to show that he has in good faith exhausted in a reasonable degree, all sources of information and means of

discovery which the nature of the case would naturally suggest and which were accessible to him. *Johnson* v. *Arnwine,* 13 *Vroom* 451.

The plaintiff testified that he received a letter by mail which contained an authority to him to sell or exchange the property; that he received the letter in the early part of September, 1895; that the letter contained a card which he produces, giving the dimensions of the property. He also produces the envelope directed in the handwriting of the defendant; that the letter was taken from the envelope, and laid upon his desk in his office; that he had occasion to refer to it several times and read it several times, and that it lay upon the desk quite a time; that when a dispute came up between the plaintiff and defendant he looked for it and could not find it there; he then made a search for it through his desk, through other desks in his office; he searched for it through his pockets, and made a thorough search at his home and everywhere he could think that it might possibly be laid, and also offered a reward for it. He was scarcely cross-examined upon the diligence of the search made.

The trial court after this evidence admitted secondary proof of the contents of the letter.

The question of the sufficiency of the evidence of loss, and diligent search, was for the court, and this determination cannot be disturbed on this rule, unless it clearly appears that the court below was in error, and applying this rule of law to the facts it would appear that the proof of loss and of diligent search was such as was reasonable, considering the character of the writing and the circumstances of the case. *Johnson* v. *Arnwine, supra.*

The paper or document may be said to be lost in respect to the admission of secondary evidence when it is actually lost or destroyed. This must be supplemented with proof of diligent search. And as to both elements of proof, in respect to secondary evidence, it is not necessary that proof of loss, or the results of the search are beyond the possibility of mistake, but only to a moral certainty; reasonable proof, stronger

or weaker, according to all the circumstances of the case seems to be all that is required.    The party is expected to show that he has, in good faith, with reasonable diligence, exhausted in his search all sources of information and means of discovery which the nature of the case would naturally suggest and which were accessible to him.    2 *Best Ev.* (*Morgan's ed.*), § 482, and note.

The question of the sufficiency of the proof of the loss, and the diligence of the search for it, is for the court, and is one of some nicety of decision ; the facts found are exclusively for the trial court, and the holding, as matter of law, cannot be set aside unless it clearly appear that it was error.

The conclusion reached is that the proof of loss, and diligent search of this letter, was such as was reasonable, considering the character of the writing and the circumstances of the case, and that the secondary proof of its contents was properly admitted.

The existence of the letter was disputed by the defendant, and the evidence offered in his behalf, but this only raised questions for the jury to determine, and the facts were properly submitted to them, and the verdict cannot in anywise be attacked on the ground that it was contrary to or against the weight of the evidence.

The rule to show cause must be discharged, with costs.