J. K. McCRORY, Appellant, v. G. C. KELLOGG, Respondent.

Kansas City Court of Appeals, May 30, 1904.

REAL ESTATE BROKER: Commission: Procuring Purchaser: Evidence.  A purchaser learned incidentally  that a landowner wanted to sell and tried to get in communication with him.  He then went to a real estate broker and told him and it was agreed that the broker would get the owner to list his land with him, which he subsequently did.  Thereafter the purchaser visited the owner, related the matter and offered to buy.  Thereupon the owner refused to price his land and notified the broker to take it off his list.  He then sold the land for the agreed price to the purchaser.  *Held*, the purchaser's attention was not called by the broker to the fact that the owner wanted to sell and that the broker did not procure the purchaser.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins*, Judge.

AFFIRMED.

*B. H. Esterly* for appellant.

(1)  The general denial of the defendant puts in issue only the material facts pleaded in the plaintiff's petition.  Musser v. Adler, 86 Mo. 445; Northrup v. Ins. Co., 47 Mo. 435; Kersey v. Garton, 77 Mo. 645; Walling Co. v. Ball, 43 Mo. App. 504; Guinotte v. Ridge, 46 Mo.

App. 254; Reese v. Garth, 36 Mo. App. 645; Hudson v. Railroad, 101 Mo. 13. (2) In an action on contract, the defendant under a general denial, can not avail himself of a rescission of the contract. It must be specially pleaded. Sutter v. Raeder, 149 Mo. 297; Riggins v. Railroad, 73 Mo. 598; Brown v. Weldon, 27 Mo. App. 251; Reynolds v. Reynolds, 45 Mo. App. 622; Phister v. Gove, 48 Mo. App. 455. (3) Where a broker introduces a probable buyer to the principal and is later notified by the principal that he does not care to sell and withdraws the land and subsequently sells it to the very person to whom the broker had introduced him, it is a fair inference that it was to deprive the broker of his commission. Smith v. Anderson, 2 Idaho 495. (4) A principal may not take negotiations out of the hands of his broker and complete them and refuse to pay commission. Green v. Cole, 127 Mo. 587; Lane v. Albright, 49 Ind. 275; Keys v. Johnson, 68 Pa. St. 42; Reed v. Reed, 82 Pa. St. 420; Briggs v. Boyd, 56 N. Y. 289; Doonan v. Ives, 73 Ga. 295. (6) That the agent took no part in the final negotiations and the purchaser bought directly from the owner, does not deprive the agent of his right to the commission. Wetzell v. Wagoner, 41 Mo. App. 509; Tyler v. Parr, 52 Mo. 249; Bell v. Kaiser, 50 Mo. 150; Millan v. Porter, 31 Mo. App. 563; Bass v. Jacobs, 63 Mo. App. 393; Jones v. Mace, 64 Mo. App. 393; Beauchamp v. Higgins, 20 Mo. App. 514; Jones v. Berry, 37 Mo. App. 125; Finley v. Dyer, 79 Mo. App. 604. (7) Where a real estate broker produces a purchaser who is accepted and the trade is consummated, he is entitled to his commissions. Page v. Griffin, 71 Mo. App. 524; Friedstedt v. Dietrich, 84 Ill. App. 604.

*Howard Gray* for respondent.

(1) Appellant claims that the defense, to-wit: That appellant was not the procuring cause of the sale,

can not be made under the general denial. It is not necessary to cite authorities to show that he is wrong on this proposition. (2) It was through no effort or advertisement of the appellant that Mr. Aul came to make the purchase, and a real estate agent is not entitled to a commission unless he is the procuring cause of the sale. VanDyke & Co. v. Walker, 49 Mo. App. 381. The VanDyke & Company case above cited is decisive of this.

BROADDUS, J.—This is a suit for commission for the sale of land.

Plaintiff was a real estate broker in the town of Carthage and defendant was the owner of a certain farm in Jasper county. One W. H. Aul, who finally purchased the farm, learned from a person other than plaintiff that defendant wanted to sell said farm. Aul went to look at the land and afterwards to see defendant at his place of business but did not find him there. He then went to plaintiff and spoke to him about the defendant's farm and stated that he had tried to find defendant but had been unable to do so and that he could not spend more time looking for him. He then arranged with plaintiff that the latter should see the defendant and have him list his farm for sale with plaintiff. The last named then telephoned defendant and made arrangements to see him the following day, at which time plaintiff saw defendant who listed with him his said farm at a sale price of $3,000, agreeing to pay plaintiff a commission of $100 if he made the sale. At this time defendant did not know that Aul had been endeavoring to see him to buy his farm before he had seen or heard from plaintiff that it was for sale. A few days after defendant had listed his property with plaintiff the said Aul went to see the latter in reference to it and then went to defendant to make him an offer. After some incidental talk concerning the matter, in which defendant learned that Aul was the prospective

purchaser, he told Aul he would not price the farm to him and that he would telephone plaintiff to take the land off his list; that ''big mineral had been struck out there.'' Two days later he so telephoned plaintiff and a short time thereafter sold the farm to Aul for $3,000, and declined to pay plaintiff a commission.

The cause was tried before the court without instruction or declarations of law of any kind. The finding and judgment were for defendant. As there was no conflict of evidence the only question presented was, did the plaintiff procure the purchaser for defendant's farm?

It is not claimed plaintiff made the sale. And we believe the evidence fails to show that it was through his efforts that Aul was induced to make the purchase. The purchaser's attention was not called by plaintiff to the fact that defendant wanted to sell. On the contrary, the purchaser who was looking for defendant with the view of buying his farm first informed plaintiff that it was for sale. Because defendant listed the farm with plaintiff and agreed to pay him a commission if he sold it does not make defendant liable under the facts. When defendant learned that plaintiff had not been instrumental in finding the purchaser he declined to price the land to Aul and notified plaintiff to take the farm off his list; and then sold it to said Aul himself.

Had plaintiff's efforts to make a sale procured the purchaser then defendant would have been liable to him for his commission, notwithstanding he did not in fact make the sale. Such is the ruling in this State.

This case falls within the principle applied to the case of VanDyke & Co. v. Walker, 49 Mo. App. 381.

For the reasons given the cause is affirmed. All concur.