## H. O. Stone et al., Appellees, v. Albert D. Ferry, Appellant.

### Gen. No. 14,124.

BROKERS AND FACTORS—*what essential to recover commissions for effecting exchange.* Before real estate brokers become entitled to a commission for effecting an exchange of property, it must appear that they were the procuring cause of both parties entering into the contract of exchange.

Assumpsit. Appeal from the Municipal Court of Chicago; the Hon. EDWARD A. DICKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Reversed with finding of fact. Opinion filed October 20, 1908. Rehearing denied November 4, 1908.

GEORGE W. HESS and E. R. EDE, for appellant.

JOHN M. CURRAN, for appellee; SIMMONS, MITCHELL & IRVING, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the defendant from a judgment for $2,250 recovered in an action of assumpsit for commissions on an exchange of real estate. The case was tried by the court without a jury. Plaintiffs were real estate brokers in Chicago. Defendant lived in Evanston and was the owner of a building in Evanston called the Ridgewood, on which there was a mort-

gage for $50,000. In October, 1905, he listed said
property with plaintiffs for sale or exchange. It is
not claimed that an exclusive right to sell or exchange
said property was given to plaintiffs, and there is evi-
dence tending to show that defendant authorized Lloyd
& Ingersoll to sell or exchange said property for him in
September, 1905. November 7, 1906, defendant made
an agreement with William G., Junius C. and Ernest
D. Hoag, who were the joint owners of a vacant lot in
Evanston called the Hoag pasture lot, to exchange
with them his said building for their said pasture lot.
It is upon the claim of plaintiffs that it was their ser-
vices that brought about and caused this exchange
that the right to recover in this action is based. Will-
iam G. Hoag lived in Evanston, Junius C. in Chicago,
and Ernest D. in California.

Substantially all that was said or done on the part
of the plaintiffs in reference to said exchange was said
and done by Walter G. Mitchell, one of their salesmen.
Mitchell, in March, 1906, proposed to William G.
Hoag an exchange of the Ridgewood for a lot other
than said pasture lot. This proposition Mr. Hoag
refused to consider, but in April he suggested to
Mitchell an exchange of the Ridgewood for said pas-
ture lot. He did not make a definite proposition for
such exchange, but told Mitchell that he would con-
sider a proposition to exchange the Ridgewood for
said pasture lot, and indicated that he would be in-
clined to accept such proposition.

The testimony of Mitchell and defendant is conflict-
ing as to the report made by Mitchell to defendant of
said conversation with Mr. Hoag. We think the court
might from the evidence properly find that Mitchell
correctly reported to defendant said conversation, cor-
rectly stated to him the boundaries of said pasture
lot, and that the subsequent conversations between
Mitchell and defendant related to an exchange of the
Ridgewood for said pasture lot. Mitchell testified
that when he reported to defendant his conversation

with Mr. Hoag, defendant said to him, "See what you can do," and further said, "If you do anything with him, bear in mind that it must be cash. I would not consider anything without the cash." I said, "Mr. Ferry, how much cash do you require?" He said, "The minimum amount of ten thousand dollars; the more cash and less vacant you can get, the better."

Soon after this conversation, with the knowledge and consent of defendant, Mitchell took William G. Hoag to defendant's building, and he inspected and examined the same. Mitchell afterwards, at the request of Hoag, procured from the defendant a statement showing facts as to the building, its frontage, equipment, rentals, expenses, encumbrance, etc. Mitchell afterwards suggested to Hoag that as Ferry said that he would have to have some cash, the vacant land be subdivided into lots, and that Hoag retain a part of the lots and put in a certain amount of cash. At this interview Hoag told Mitchell that he was about to go to California, and that he wanted to take the matter up with his brother Ernest, who lived in California, and wanted more details as to the building and a picture of it. Mitchell sent him by mail a copy of the statement above referred to, but was unable to procure a picture of the building. William G. Hoag went to California and returned about the first of July. Both before he went and after his return Mitchell had further conversations with him in reference to said proposed exchange and reported the same to defendant. The substance of what Mr. Hoag said to Mitchell in each conversation after his return from California was that he wanted to take the matter up with his brother Junius C.; that he had tried to have him come out to Evanston for that purpose; that he had been unable to do so; that he would make further efforts to have his brother come out to Evanston, etc.

In September, Lloyd & Ingersoll began their efforts to bring about such exchange. Lloyd went to see Junius C. Hoag in Chicago and made repeated efforts

to secure an appointment with him and William G. Hoag to examine the building. In October he succeeded in making such appointment. Junius C. Hoag went to Evanston, met Lloyd and William G. Hoag and the three made a thorough examination of the Ridgewood. Lloyd procured from defendant's agents a statement of the expenses and income of the building and sent copies to William G. and Junius C. Hoag. It was after all this had been done that the contract for the exchange was entered into. There is no evidence that Mitchell or any one for or on behalf of the plaintiffs had any communication whatever with either Junius C. or Ernest D. Hoag.

It was not enough that through the efforts of plaintiffs, William G. Hoag was induced to enter into said contract for an exchange of the properties in question to entitle plaintiffs to recover from the defendant commissions for making such exchange. They were bound to prove that through their efforts and services Junius C. and Ernest D. Hoag, the other owners, were also caused or induced to make such exchange. This, we think, the evidence fails to prove, and therefore fails to prove that the services or efforts of the plaintiffs were the effective means or procuring cause of bringing about such exchange of properties.

The judgment will therefore be reversed with a finding of facts and judgment will be entered here for the appellant, the defendant in the Municipal Court.

*Reversed with finding of facts and judgment here for appellant.*

Mr. Justice CHYTRAUS took no part in the decision of this case.