## C. F. White, Appellee, v. John Sellmyer, Appellant.

### Gen. No. 5352.

BROKERS AND FACTORS—*what does not entitle to commissions.* The fact that a purchaser may to some extent have been influenced in making the purchase does not entitle the broker to commissions; the broker to be entitled to commissions must have effected the same or been the efficient or procuring cause thereof.

Action commenced before justice of the peace. Appeal from the Circuit Court of Livingston county; the Hon. G. W. PATTON, Judge, presiding. Heard in this court at the April term, 1910. Reversed and remanded. Opinion filed October 18, 1910.

H. G. GREENEBAUM, for appellant.

WHITE & TUESBURG, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Appellant owned a coal business in Pontiac which he desired to sell. In June 1907, he placed it in the hands of Brown for sale, and later in the same month in the hands of Buell and then with Riggs in the same month, and in July he placed it with J. M. White, a brother of appellee, and after the 15th of August he placed it with appellee, C. F. White. He gave none of them the exclusive right to sell. He gave each the same terms, $1,250 cash, of which he should receive $1,200 and $50 should go to the agent who succeeded in making the sale. Shortly thereafter he sold the property

to Buell. C. F. White claimed commissions. Appellant refused to pay him. C. F. White brought this suit before a justice against appellant for such commissions. Appellant was successful before the justice, but on appeal to the circuit court two juries have found for appellee and a judgment for appellee has been entered on the last verdict, from which defendant below appeals.

Not only was the attention of Buell called to the property by being employed to sell it, but it is also clear that Riggs tried to sell it to him before appellee was employed. The testimony of appellant and Buell and Riggs tends to show that Riggs was the one who brought about the sale and that he gave Buell the benefit of his commissions, so that Buell only paid $1,200. Appellee's testimony tends to show that he was the one who induced Buell to buy. He has slight corroboration. The apparent preponderance of the evidence is in favor of appellant. Nevertheless, after two juries have decided this question of fact for appellee, we should be disposed to let the verdict stand, were it not for the instructions.

In the second instruction appellant requested the court to instruct the jury that to recover appellee must show "that he was the efficient cause of the sale, or in other words, that it was through his efforts that the property in question was sold." The court modified this to read "that he was the efficient or procuring cause of the sale, or in other words, that it was through his efforts *to some extent* that the property in question was sold." In the third instruction requested by appellee, the court inserted "and that the services of plaintiff did not influence Buell *at all.*" The court amended the fifth instruction requested by appellant by inserting the words "and that Charles White's efforts had no effect or influence on Buell in making up his mind to buy the property." Appellant requested the court to give the tenth instruction in the following words:

"You are instructed by the court that although you believe from the evidence in this case that the plaintiff performed services in attempting to bring about a sale, still the plaintiff, White, would have no right to recover unless you

further believe from the evidence that as a result of his services the witness, Buell, purchased the property in question from the defendant Sellmyer."

The court modified and gave the same in the following form:

"You are instructed by the court that although you believe from the evidence in this case that the plaintiff performed services in attempting to bring about a sale, still the plaintiff White, would have no right to recover unless you further believe from the evidence that by his services the witness, Buell, was induced *to some extent,* to purchase the property in question from the defendant Sellmyer."

By these modifications, to which exception was duly preserved, the jury were told that in order to constitute a defense it must appear that the efforts of appellee had no influence at all upon Buell in inducing him to buy the property, and that if Buell was influenced to some extent by the efforts appellee made to induce him to buy the property, then appellant was liable. Appellee did have several interviews with Buell in which appellee endeavored to get him to take the property on the terms proposed by appellant, and even though appellee failed in bringing him to those terms and effecting a sale, yet it is very likely that what appellee said to Buell as to the value and desirability of the business and property had some effect upon him in finally deciding him to yield to the proposals of Riggs. Very likely every one of the other agents in whose hands appellant placed that property for sale said things to Buell that had some influence upon him in inducing him to consider the property desirable and in keeping his mind directed to the subject of purchasing it. We are of opinion that such influence so exerted would not give each of the agents a cause of action for the commissions, but that the only person who would be entitled to commissions would be the one who effected the sale, or through whose efforts the sale was brought about.

For the error in the modification of those instructions, the judgment is reversed and the cause remanded.

*Reversed and remanded.*