ARGUED AND DETERMINED

IN THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS.

---

GEORGE ADAMS WOODS *vs.* JOHN G. LOWE.

Suffolk. November 18, 1909. — October 28, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, BRALEY, SHELDON, & RUGG, JJ.

*Agency,* Broker's commission. *Practice, Civil,* Exceptions, Verdict.

In an action by a broker to recover a commission for making a sale of certain real estate of the defendant, where it appeared that the defendant put the property into the hands of the plaintiff for sale, that the plaintiff procured an offer which afterwards was withdrawn and that later the defendant sold the property through another broker for a lower price to the person from whom the plaintiff procured the first offer, there was conflicting evidence upon the questions whether the plaintiff's employment had been terminated in good faith by the defendant before the sale, and whether, if it had not, the plaintiff was the efficient and predominating cause of the sale or whether such cause was the second broker, and the presiding judge gave proper instructions upon these questions to the jury, who returned a verdict for the plaintiff. *Held,* that these were questions of fact and properly were left to the jury.

Where a verdict for a plaintiff shows by the amount of the damages given that the jury did not find a certain fact, an exception of the defendant to an instruction to the jury, that if they found such fact to exist they might return a verdict for the plaintiff, cannot be sustained, as, even if the instruction was erroneous, the defendant was not harmed by it.

Where in an action of contract, in which the jury returned a verdict for the plaintiff, the rules of law governing the liability of the defendant were correctly laid down by the presiding judge, an additional remark of the judge not material to the decision of the case affords the defendant no ground for exception, whether it was correct or not, because the jury will be presumed to have followed the correct instructions given to them upon the issues before them, especially where they were warned by the judge that the subject of the remark was something about which they should not concern themselves.

MORTON, J.   This is an action to recover a broker's commission on a sale of certain real estate situated on Cornhill in Boston and belonging to the defendant.   There was a verdict for the plaintiff, and the case is here on exceptions by the defendant to the refusal of the presiding judge * to give certain rulings that were requested and to certain portions of the charge. There was also an exception to the admission of evidence; but that has not been pressed and we treat it as waived.

There was no dispute as to the rate per cent of the commission that was to be paid, and, according to the plaintiff's testimony, which was not contradicted by the defendant, what the plaintiff was employed to do was to effect a sale of the property at a price to be agreed upon between the purchaser and the defendant.   The plaintiff testified " that the defendant stated that he would like to have us sell this property for him."   On cross-examination he testified that the asking price was to be $78,000, but that he was to submit offers to the defendant.

There was testimony tending to show that, after the property was put into his hands, the plaintiff entered into negotiations with one Martin for its purchase.   The plaintiff contended, and so testified, that as a result of the negotiations Martin agreed to buy and the defendant agreed to sell the property to him for $65,000, but that before the sale was consummated by a transfer of the title and before a binding written agreement was executed, Martin withdrew the offer and made an offer of $62,500, or $62,000 (the plaintiff was uncertain which), which offer was communicated to the defendant but was not accepted by him. It appeared that the property was subsequently sold to Martin through another broker for $60,000.   Martin denied that he ever made an offer of $65,000 for the property, or that he agreed to purchase the property and pay that amount for it, and the defendant testified that the offer of $62,500, or $62,000, never was reported to him.   There was testimony tending to show that both the plaintiff and the defendant were greatly dissatisfied with Martin's conduct in withdrawing his alleged offer of $65,000, and the defendant testified that the plaintiff said that he would have nothing more to do with Martin, and that it was not until after that that the defendant spoke to Behneke, the

* *Wait, J.*

broker who actually made the sale. The plaintiff's testimony tended, or at least it could have been found that it tended, to show that it was the defendant and not the plaintiff who declared his intention to have nothing more to do with Martin, and that the plaintiff continued his efforts as broker to sell the property.

In order to entitle him to recover, the plaintiff was bound to show that there was a sale, that he was rightfully acting for the defendant as a broker when the sale was made, and that he was the efficient and predominating cause of the sale. There was no doubt about the sale, and the principal questions were whether the plaintiff's employment had been terminated in good faith by the defendant before the sale, and whether, if it had not, the plaintiff was the efficient and predominating cause of the sale, or whether it would not have taken place at all if it had not been for Behneke. These were questions of fact for the jury, and it would have been error to rule, as requested in substance by the defendant, that there was no evidence warranting a verdict for the plaintiff.

The jury were expressly told that if the plaintiff said that he would have no more to do with Martin the defendant had a right to take him at his word and to employ another broker and to sell the property, if he could, to Martin; and that under such circumstances the plaintiff would not be entitled to a commission on the sale. The jury must have understood from this that if the plaintiff's employment had been terminated, as contended, the plaintiff was not entitled to recover for anything that he had done in the way of introducing Martin to the defendant or in bringing the property to Martin's attention, or in entering into negotiations with him, and no special instructions in relation thereto were required. Further, there was no contention on the part of the plaintiff that he was entitled to a commission for having produced a customer to the defendant. His whole case rested on the ground that he was employed to effect a sale, that there was no termination of his employment, and that he was the efficient cause of the sale that was made. The jury were also instructed that if the sale was due to the interposition of Behneke and it would not have taken place except for him, and he brought it about, then the

plaintiff. would not be entitled to recover; but that if his employment with reference to Martin had not been terminated, they would be justified in finding that he was the efficient cause of the sale if they were satisfied that it was in consequence of what he did " chiefly and principally though not absolutely and entirely " that the sale was made. They were still further instructed that if there was a *bona fide* offer of $62,000 made to the plaintiff by Martin which the plaintiff wrongfully failed to communicate to the defendant and the defendant was thereby injured, then the plaintiff would have failed in the performance of his duty and would not be entitled to recover.

We do not see how any fault can be justly found by the defendant with these instructions, or how it can be justly said that the issues that were presented were not dealt with in an adequate manner. See *Cohen* v. *Ames*, 205 Mass. 186, and cases cited. No objection was made that the plaintiff was not entitled to recover under the declaration as it stood for a commission on the amount for which the property was actually sold.

The defendant objects to that portion of the charge which allowed the jury to return a verdict for the plaintiff if they found that an agreement was entered into between Martin and the defendant for the sale of the property for $65,000. But it is plain from the verdict, which was for $600 and interest, or one per cent on $60,000, the amount for which the property was sold, that the jury did not find that there was an agreement to sell and buy for $65,000, and therefore, without going further, it is enough to say that the defendant was not harmed by the instruction objected to.

Exception was also taken to the statement in the charge as to the difficulty which a person employing a broker may have in deciding whom to pay, and that " it might often be that a commission would be due, under certain circumstances, to two persons." But the remark, whether true or not, could have done the defendant no harm, since the rules governing the liability of the defendant in the case before the court were correctly laid down and must be presumed to have been followed by the jury.

The jury were told in substance and effect that to entitle the plaintiff to recover it must appear that the sale was brought about by him and that he was the efficient cause of it. Con-

versely they were told that the plaintiff would not be entitled to recover if the sale was brought about by Behneke and would not have taken place but for his interposition. And in one instance at least they were told that the plaintiff could not recover unless he was the sole cause of the sale. He could not be the sole cause of the sale without being the efficient and predominating cause of it. The jury were also instructed that the plaintiff would not be entitled to recover notwithstanding his relations with Martin had not been terminated, " if as a matter of fact Mr. Behneke was the person who actually made the sale " and " if it was the result of Behneke's exertion that the sale was carried through." And they were still further instructed that " whether or not Mr. Lowe [the defendant] would have to pay two persons, or would lose what he had paid to Mr. Behneke if Mr. Woods recovers, is something you should not concern yourselves about. The question is, does he owe Mr. Woods ? " In view of these and other instructions we do not see how the jury could have found for the plaintiff unless they found that he was the efficient cause of the sale, that it was brought about by him and not by Behneke, and that his relations to Martin and the defendant had not been terminated when the sale was made. And if they did so find, then the plaintiff was entitled to recover notwithstanding the statement that a commission might, under some circumstances, be due to two persons, and even though the jury might have understood that the statement was applicable to the case before them.

The result is that we discover no reversible error in the conduct of the trial.

*Exceptions overruled.*

The case was argued at the bar in November, 1909, before *Knowlton,* C. J., *Morton, Braley, Sheldon,* & *Rugg,* JJ., and afterwards was submitted on briefs to all the justices.

*J. E. Hannigan,* for the defendant.

*G. C. Coit,* for the plaintiff.