## CRUTCHFIELD v. WEBSTER *et al.*

No. 1298.   Opinion Filed January 9, 1912.

(120 Pac. 615.)

BROKERS—Real Estate Agent—Right to Commissions. A real estate agent, authorized to sell the land of another for a certain price for a certain compensation, or send the seller a buyer, has not earned his commission until he produces a purchaser ready, willing, and financially able to purchase the land upon the terms agreed upon.

(Syllabus by the Court.)

*Error from Tulsa County Court;*
*N. J. Gubser, Judge.*

Action by G. W. Webster and E. V. Hartman against J. M. Crutchfield. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

*Z. I. J. Holt* and *Thos. W. Walker,* for plaintiff in error.

*M. P. Howser,* for defendants in error.

TURNER, C. J. On March 15, 1909, G. W. Webster and E. V. Hartman, partners, doing business as Webster & Hartman, defendants in error, sued J. M. Crutchfield, plaintiff in error, before a justice of the peace in and for Broken Arrow, Tulsa county, for $160 commission alleged to have been earned on a sale of 160 acres of land listed with them by defendant, to be sold for $40 per acre. After answer to their bill of particulars, there was trial and judgment, and an appeal to the county court. There a trial anew resulted in judgment for plaintiffs for the sum sued, and defendant brings the case here.

At the close of plaintiffs' testimony, defendant demurred to the evidence, which was overruled, after which the cause proceeded, and both sides introduced additional evidence pro and con. When this is the state of the record, and we are asked, as here, to say whether the court erred in refusing to sustain the demurrer to plaintiffs' evidence, the governing rule is as we have laid down in *McInteer et al. v. Gillespie, infra*. 122 Pac. 184. Considering all the evidence, we are of opinion that the same is insufficient to make out a case for plaintiffs. The facts are undisputed. The evidence discloses that a short time prior to March 1, 1909, plaintiffs were partners in the real estate business in Broken Arrow; that defendant owned a certain allotment of land in that county, which, about that time, he listed with them to sell, or send him a buyer, for a commission on the sale; that defendant about the same time made the same or a similar arrangement with Brumbaugh, another real estate agent in said town; that on the morning of March 10, 1909, one Knepper went out and looked at the land with a man from Muskogee, and on his return that same evening went to the office of Brumbaugh and arranged to go out the next morning to look at the land with him, which they did, at which time Brumbaugh made him a price on the land; that, returning to town, at noon, or perhaps twice on the same day, Knepper went to the office of plaintiffs, and from them got a price on the land, to see how the same compared with that made him by Brumbaugh, and that evening again saw the land with Brumbaugh, and bought it from him, from whom he had first learned that the land was for sale; and that

plaintiffs, learning of the sale the next day, demanded of de-defendant their commission, which he refused to pay, whereupon they brought this suit.

The demurrer should have been sustained for the reason the evidence discloses that plaintiffs neither sold the land nor sent defendant a buyer as they had contracted to do.

"The general rule is that, in order for a real estate broker to be entitled to compensation or commission, he must have performed his full duty towards his employer, and have accomplished all he undertook to do." (23 Am. & Eng. Enc. Law, 914.)

In this instance, to entitle them to recover, the burden of proof was upon plaintiffs to prove that they had produced a person who was ready, willing, and financially able to make a purchase of the property at the price and upon the terms fixed by defendant. *Birch v. McNaught*, 23 Okla. 634, 101 Pac. 1049. This they did not do by showing that Knepper, after the land had been priced to him by Brumbaugh, went to plaintiffs' office and got their price upon it, for the purpose of comparing it with the price placed upon the land by Brumbaugh, after which he returned and closed the deal with the latter, all of which was unknown to Crutchfield at the time he conveyed to Knepper, whom he had never met through the efforts of plaintiffs to carry out their contract.

Reversed and remanded.

All the Justices concur.