## WHEELAN et al. v. HUNT.

No. 2487.  Opinion Filed June 11, 1913.

(133 Pac. 52.)

1.  BROKERS—Right to Commission—"Procuring Cause." To be the procuring cause of a sale, a broker must first call the purchaser's attention to the property, and start negotiations which culminate in the sale thereof.

2.  APPEAL AND ERROR—Question of Fact—Brokers. The question of whether plaintiffs were the procuring cause of sale is one of fact, and, there being evidence reasonably tending to support the verdict, it will not be disturbed on appeal.

3.  BROKERS—Right to Commission—Procuring Cause. Plaintiffs, real estate brokers, took one Choate, who desired to buy a farm, to visit and inspect some farms which they had listed for sale. On the way they passed defendant's farm, on which was a sign reading. "This place for sale for $5,500.00," which sign was the first time Choate's attention was called to the fact that said farm was for sale. Plaintiffs then informed Choate that they had said farm listed for sale at $5,600, but discouraged his purchase thereof. Afterwards Choate returned and bought the farm direct from the defendant. Held, that plaintiffs were not the procuring cause of the sale, so as to be entitled to a commission for the sale thereof.

4.   SAME—Action for Commission—Burden of 'Proof. The burden is on a broker in his action for a commission to show that he was the procuring or efficient cause of the sale.

(Syllabus by Sharp, C.)

> *Error from County Court, Noble County;*
> *H. E. St. Clair, Judge.*

Action by M. L. Wheelan and another, etc., against B. F. Hunt. Judgment for defendant, and plaintiffs bring error. Affirmed.

*P. W. Cress,* for plaintiffs in error.
*Henry S. Johnston,* for defendant in error.

Opinion by SHARP, C. On March 20, 1909, plaintiffs sued defendant before a justice of the peace in and for Perry township, Noble county, seeking to recover $100 commission alleged to have been earned in the sale of defendant's farm to one S. H. Choate. Upon trial being had, and the jury failing to agree upon a verdict, by stipulation of the parties the action was transferred to the county court of said county, where judgment was afterwards rendered for defendant, and plaintiffs bring the case here for review.

Plaintiffs, who resided at Billings, Okla., were engaged in the real estate business, and employed as their agents at Enid, Okla., Bailey & Scifres, another real estate firm, whose duty it was to secure prospective purchasers, and either bring or send them to Billings, from which place plaintiffs would take them to see such property as they had listed for sale. The evidence discloses that defendant's farm was listed for sale with plaintiffs, at a net price of $5,500, they to have as commission, in event of sale through their efforts any amount obtained over and above said sum; that during the last week of October, 1909, Scifres, one of the agents of plaintiffs, brought Choate from Enid to Billings, and after having secured a buggy and team took him to visit and look over certain farms in what was known as the Antelope Flats, in which vicinity was located the farm of defendant; that Wheelan, one of the plaintiffs,

joined them on the road south of Billings; that after having looked at several farms, and while passing along the roadway contiguous to the farm of defendant, Choate noticed and called attention to a sign on said farm, reading, "This place for sale for $5,500.00," and remarked, "This place looks good to me at $5,500," whereupon Wheelan told him that he had the farm listed for sale at $5,600. There is material conflict in the testimony as to the actions and statements of plaintiffs, in regard to their efforts to sell said farm, but taking that of the defendant as true—since the jury did so—it is plain that plaintiffs did not mention, prior to the time that Choate saw the "for sale" sign, the fact that they had it listed for sale; and, further, that they made no endeavor to sell it to him. He was not introduced to the owner, nor was any offer made to take him on the land for an inspection thereof. In fact, there is testimony showing that they discouraged and tried to prevent the purchase of defendant's land by Choate, and that Scifres told him:

"You see cottonwood trees over there at the south side. Quite a big ditch comes in there, cuts it in two. It isn't as good as it looks."

Choate was then driven back to Billings and returned to Enid, without having made a purchase through plaintiffs' agency. Three days afterwards he came back, and independent of the plaintiffs negotiated and consummated the purchase of said farm from the defendant.

The sole contention of counsel for plaintiffs in error is that the evidence shows that they were the procuring cause of the sale, evidently basing their argument upon the fact that Choate would probably not have seen the "for sale" sign, or have entered into negotiations with the defendant for the purchase of his farm, except for the services of plaintiffs in bringing him from Enid to that vicinity, and in driving along the roadway contiguous to said farm. We think this position untenable.

To be the procuring cause of a sale, the broker must first call the purchaser's attention to the property, and start nego-

tiations which culminate in the sale thereof. *Ware v. Dos Passos,* 4 App. Div. 32, 38 N. Y. Supp. 673, 675; *Wood v. Smith,* 162 Mich. 334, 127 N. W. 277; *Langford v. Issenhuth,* 28 S. D. 451, 134 N. W. 889. Choate, testifying for defendant, stated that his attention was first called to the Hunt farm when he saw the sign; the plaintiffs testified that they called Choate's attention to the farm before they reached the sign.

This conflict of testimony was decided in favor of the defendant, so that it is evident plaintiffs' services did not come within the above definition, as they were not the first to call Choate's attention to the farm, that being done by the sign erected by the defendant; nor did they start negotiations which culminated in the sale thereof. It was a question of fact, for the jury to determine, whether plaintiffs were the procuring cause of the sale. *Reed v. Young,* 146 Ill. App. 210; *Fenton v. Miller,* 153 Iowa, 747, 134 N. W. 95; *Castelman v. Rustenholtz,* 145 Ky. 146, 140 S. W. 170; *Woods v. Lowe,* 207 Mass. 1, 92 N. E. 772; *Slagle v. Russell,* 114 Md. 418, 80 Atl. 164; *Wood v. Smith,* 162 Mich. 334, 127 N. W. 277; *Weisels-Gerhart Real Estate Co. v. Epstein,* 157 Mo. App. 101, 137 S. W. 326; *Travis v. Bowron,* 138 App. Div. 554, 123 N. Y. Supp. 290; *Warne v. Johnston,* 48 Pa. Super. Ct. 98; *Longstreth v. Korb,* 64 N. J. Law, 112, 44 Atl. 934; *Shea Realty Corporation v. Page & Taylor,* 111 Va. 490, 69 S. E. 327; *Burdon v. Briquelet,* 125 Wis. 341, 104 N. W. 83. The verdict having decided this issue for the defendant, and there being evidence reasonably tending to support the same, it is binding upon this court. *Hilsmeyer v. Blake,* 34 Okla. 477, 125 Pac. 1129.

*Nation v. Harness,* 33 Okla. 630, 126 Pac. 799, was a case in which the defendant listed his property for sale with several real estate agents, among whom were the plaintiffs. Negotiations were begun by plaintiffs with one Achenhausen for the trade of his harness shop for defendant's farm. They failed to close the deal, but contended that they were the procuring cause of the trade subsequently made by another real estate agent, between the same parties. The court denied plaintiffs'

right to recover, and in the opinion quoted approvingly from the case of *Duval v. Moody,* 24 Tex. Civ. App. 627, 60 S. W. 269, wherein it was said:

"Mr. Austin was not ready or willing to purchase the property upon Mrs. Duval's terms when presented to her by appellee. And as appellee was not the procuring cause of Austin's readiness and willingness to purchase when the sale was effected, Hampton being the efficient and procuring cause, the evidence does not sustain the judgment, and it is reversed and the cause remanded."

Counsel for plaintiffs in error cites and relies upon the case of *Roberts v. Markham et al.,* 26 Okla. 387, 109 Pac. 127, in support of their contention that plaintiffs were the procuring cause of the sale. There the court said:

"If, after the lot or realty is placed in the agent's hands for sale, it is brought about, and procured by his advertisements or exertions, he will be entitled to his commission, or if the agent introduces or discloses the name of the purchaser to the vendor for such purpose, and through such introduction or disclosure negotiations for the sale of the property are begun, and then effected by the vendor, the agent is entitled to his commissions."

In that case plaintiffs were shown to have brought about and procured the sale through their exertions; in other words, that they were the procuring cause of the sale. In the instant case plaintiffs failed to bear this burden of proof, and therefore the contention of counsel must fall.

Other cases involving the right of brokers to recover commissions for the sale of real estate, and laying down the rules to be followed in such actions, have been decided by this court. Plaintiffs, however, have not brought themselves within the requirements of such rules, as will be seen by a brief review of the cases.

*Plotner v. Chillson & Chillson,* 21 Okla. 224, 95 Pac. 775, 129 Am. St. Rep. 776, was a case in which the principal, upon learning that his agents, who were employed by him to purchase certain lands, were also receiving commissions from the vendor, sued said agents to recover the commissions he had

paid them. The court, in upholding plaintiff's action, and refusing defendants the right to claim commission from both vendor and purchaser, said:

"It is a condition precedent to the right of an agent to the compensation agreed to be paid him that he shall faithfully perform the services he undertook to render.    \*    \*    \*    "

In the present case, plaintiffs cannot be said to have faithfully performed the services they undertook to render, when the evidence shows they discouraged the purchase of defendant's farm by Choate.

In *Birch v. McNaught*, 23 Okla. 634, 101 Pac. 1049, the court, in denying the right of the real estate agent to recover commission sued for, said:

"To entitle McNaught to recover, the burden of proof was upon him to show that he had found and produced a person who was ready, willing, and financially able to make the purchase of the property at the price within the time and upon the terms fixed by Birch. 23 Am. & Eng. Enc. of Law, 914; *Lockwood v. Halsey*, 41 Kan. 166, 21 Pac. 98, and cases cited; *Davis v. Lawrence & Co.*, 52 Kan. 383, 34 Pac. 1051; *Neiderlander v. Starr*, 50 Kan. 770, 33 Pac. 592. This he failed to do."

See, also, on this point, *Crutchfield v. Webster et al.*, 31 Okla. 142, 120 Pac. 615.

In *Scully v. Williamson*, 26 Okla. 19, 108 Pac. 395, 27 L. R. A. (N. S.) 1089, Ann. Cas. 1912A, 1265, Scully, a real estate agent with whom Williamson's land was listed for sale, introduced one Remund to said Williamson as a purchaser. The terms of the sale being agreed upon, a contract to purchase was executed by and between Remund and Williamson, but it eventually turned out that Remund was financially unable to fulfill his part of the contract. The court said:

"The evidence fails to show that the sale contracted for between defendant and Remund was ever consummated; but it is said in *Kalley v. Baker*, 132 N. Y. 1, 29 N. E. 1091, 28 Am. St. Rep. 542, that a broker employed to sell property becomes entitled to his commission when he finds a purchaser satisfactory to his employer, and they enter into a mutual contract of purchase and sale, though it subsequently turns out that the

purchaser is unable to comply with his contract, and on that account the sale is not consummated by transfer of the property. In the case at bar the broker brought to the owner of the property a prospective purchaser, with whom the owner was satisfied, and with whom he executed a contract for a sale, thereby determining for himself the ability of the purchaser to purchase. For any violation of this contract by the purchaser defendant had his remedy for damages for the loss sustained by him by reason of the purchaser failing to fulfill his contract."

The case of *Gilliland v. Jaynes,* 36 Okla. 563, 129 Pac. 8, was one in which there was no meeting or agreement between the prospective purchaser and the owner of the land, nor was it ever sold to such prospective purchaser. The doctrine there announced was that:

"In order for a real estate agent to recover his commission for making a sale which has not been completed, it is necessary for him to find a purchaser who is ready, willing, and able to buy, and to procure a written agreement to buy from the purchaser, which will be enforceable against him, if accepted and signed by the seller, provided the seller and purchaser have not come together and an oral agreement to buy accepted by the seller."

To recover the commission sued for it was imperative that plaintiffs show that they were the procuring or efficient cause of the sale, and, having failed to establish such fact, the judgment of the trial court was correct. *Nation v. Harness et al.,* 33 Okla. 630, 126 Pac. 799; *Arnold v. Woollacott et al.,* 4 Cal. App. 500, 88 Pac. 504; *Ayers v. Thomas,* 116 Cal. 140, 47 Pac. 1013; *Quinby v. Tedford,* 4 Colo. App. 210, 35 Pac. 276; *Chaffee v. Widman et al.,* 48 Colo. 34, 108 Pac. 995; 139 Am. St. Rep. 220; *Watts v. Howard & Calkins,* 51 Ill. App. 243; *Stone v. Ferry,* 144 Ill. App. 191; *White v. Sellmyer,* 157 Ill. App. 435; *Kurtz v. Payne Inv. Co.* (Iowa) 135 N. W. 1075; *Kruse & Bishop v. Hauser,* 153 Iowa, 661, 133 N. W. 1067; *Wood v. Smith,* 162 Mich. 334, 127 N. W. 277; *Francis v. Eddy et al.,* 49 Minn. 447, 52 N. W. 42; *Fairchild v. Cunningham et al.,* 84 Minn. 521, 88 N. W. 15; *Studer et al. v. Byson,* 92 Minn.

388, 100 N. W. 90; *McCrory v. Kellogg,* 106 Mo. App. 597, 81 S. W. 465; *Crain et al. v. Miles,* 154 Mo. App. 338, 134 S. W. 52; *Phinney et al. v. Chesebro et al.,* 87 App. Div. 409, 84 N. Y. Supp. 449; *Meyer v. Improved Property Holding Co.,* 137 App. Div. 691, 122 N. Y. Supp. 296; *Lord v. United States Transportation Co.,* 143 App. Div. 437, 128 N. Y. Supp. 451; *Karr v. Brooks* (Tex. Civ. App.) 129 S. W. 160; *Goodwin v. Gunter, et al.* (Tex. Civ. App.) 142 S. W. 664.

For the reasons given the judgment should be affirmed.

By the Court: It is so ordered.